**House v. House**

*Richard C. Snelbaker,* for plaintiff.
*Leslie M. Fields,* for defendant.

BAYLEY, *J.,* November 7, 1984—Plaintiff-husband had filed exceptions to a master's report in divorce in which both parties admit that their marriage is irretrievably broken and that they have been separated for more than three years. The parties, he is age 47 and she 45, were married on April 18, 1958. They separated on June 1, 1974. They have three children who, at the time of the separation, were ages 15, 11 and 7. Defendant has continued to

reside in and raise the children in the jointly owned marital home.

We have carefully reviewed the record and conclude that the master's findings of fact were all adequately supported by the evidence and that the evidence supports the conclusions that he reached and these conclusions fully support the recommended decree based upon the criteria for determining whether alimony should be awarded, the equitable distribution of property and the assessment of counsel fees and costs as set forth in the Divorce Code.[1] In dismissing plaintiff's exceptions to the master's report, we would note the following.

We agree with defendant that the record warrants a finding of fact that funds, now totalling approximately $26,000., in certificates of deposit in the name of defendant and her children, were transferred by her disabled and alcoholic father after the separation of the parties contingent upon the principal being held for his benefit. We accept as credible defendant's position that the money was not a gift to her by her father; that she is holding the principal for his benefit and that with his approval she has spent only some of the interest for the needs of her children and herself. These conclusions are supported by the fact that she has never invaded the principal of the fund despite her considerable financial needs. Accordingly, this fund is not marital property or property over which she has the right of disposal. Therefore, these funds were properly excluded from consideration by the master in his recommendations regarding the equitable distribution of marital property.[2] Likewise, the small amount of

1. Act of 1980, April 12, P.L. 63, §101 et seq., 23 P.S. §101 et seq.

2. The wife is receiving the marital home which has a value of approximately $53,000 but is encumbered with a mort-

interest from these funds that defendant has utilized for her family, when considered in relationship to each party's income and earning capacity, does not alter, in our opinion, the reasonableness of the award to the wife of her counsel fees in light of the fact that we agree with the master's recommendation that she not receive alimony.

With regard to the award of counsel fees to the wife in the amount of $2500 we are not enamoured with plaintiff's argument that, even though defendant is without funds to pay these fees, she should do so by liquidating the real estate that she is being awarded in this suit. That result would hardly promote economic justice when plaintiff is capable of making this payment; defendant is still raising a minor child in the residence and plainttiff's earning capacity far exceeds that of defendant.[3]

We agree with plaintiff that there is an insufficient basis on this record to award defendant the approximately $600 counsel fee she claims is owed to her original counsel. It appears that the services which were provided which generated this fee were primarily for representation of defendant at a 1982 hearing in which her independent support from plaintiff was eliminated upon a court ordered finding that her personal conduct negated her right to support payments from her husband. However, the record does support the payment of defendant's reasonable counsel fees in the amount of $2195.82 incurred in defense of this divorce action for proceed-

---

gage having a principal balance of $22,000. The husband is receiving an unencumbered lot in Bridgeport, West Virginia having a value at between $10,500 and $13,000.

3. The husband earns in excess of $27,000. annually. The wife is currently unemployed but is capable of working and is looking for a job as a cook or toll collector. She has previously worked as a bartender.

ings through the final master's hearing. Thereafter, defendant has incurred additional counsel fees for representation of her interests on these exceptions filed by plaintiff to the master's report. Briefs were prepared and the matter orally argued before this court. Accordingly, the master's recommendation that plaintiff pay a total amount toward her counsel fees and expenses of $2500 is reasonable and fully supported by the record. We also conclude that the assessment of the costs of these proceedings against plaintiff is proper and supported by the record.

For the foregoing reasons, the following order is entered.

## ORDER OF COURT

And now, this November 7, 1984, it is ordered and directed that:

1. Plaintiff's exceptions to the master's report and recommendations filed on June 15, 1984, are dismissed.

2. The prayer for the entry of a divorce between the parties is granted.

3. Within 15 days of this date plaintiff is directed to deposit with the prothonotary the sum of $2500. toward the counsel fees of defendant. Prothonotary is thereafter directed to release these funds directly to defendant's counsel.

4. Plaintiff is directed to pay all of the docket costs of this suit.

5. Plaintiff is awarded all title and interest in the parties' unimproved .231 acre lot on Milbrook Road, Bridgeport, West Virginia. Defendant shall within 15 days of this date execute and deliver a deed to plaintiff transferring all her right, title and interest in this property to him.

6. Defendant is awarded all title and interest in the parties' jointly owned property at 1227 Pin Oak Drive, Monroe Township, Cumberland County, Pa. Plaintiff shall within 15 days of this date execute and deliver a deed to defendant transferring all his right, title and interest in this property to her.

7. Defendant shall hold plaintiff harmless for any and all liability arising out of the mortgage to Cumberland Valley Savings and Loan Association which encumbers the Pin Oak Drive property.

8. Defendant is awarded all of the furnishings and applicances in the Pin Oak Drive home.

9. The master's recommendations denying defendant alimony and her claim to a portion of plaintiff's savings and pension plan at PPG Industries, are affirmed.